# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROSEMARY GARITY,

    Plaintiff,

v.

JOHN E. POTTER,

    Defendant.

Case No. 2:06-CV-1443-KJD-GWF

**ORDER**

     Currently before the Court is Defendant John E. Potter's (Potter) Motion to Dismiss (#43), filed October 5, 2007. Plaintiff filed an Opposition (#60) on October 23, 2007, to which Defendant filed a Reply (#55), on November 1, 2007.

**I. History and Background**

     Plaintiff Rosemary Garity (Garity) is currently employed as a full time letter carrier by the United States Postal Service (USPS), and has worked for the USPS since November 3, 2001. In the Spring or Summer of 2004, Garity filed four internal equal employment opportunity (EEO) complaints alleging racial and age discrimination. The four complaints were consolidated into one formal EEO complaint for adjudication. Sometime thereafter, Garity filed a separate EEO complaint alleging that she had been retaliated against for engaging in a protected EEO activity, and suggested that she was subjected to a hostile work environment. According to Plaintiff's latter EEO complaint,

the period of alleged retaliation occurred between May 2004, and May 27, 2005.  According to Defendant, the agency investigated Garity's claims and determined that they lacked merit.  Subsequently, Garity's EEO claims were heard by an Administrative Law Judge (ALJ) who conducted a three day hearing on the merits of Plaintiff's complaints.  On September 18, 2006, the ALJ issued a decision dismissing all of Garity's administrative claims and finding in favor of the USPS.

Plaintiff filed a written complaint of discrimination with the Equal Employment Opportunity Commission and received a Right-to-Sue letter on October 18, 2006.  Plaintiff filed a Complaint in this Court on November 13, 2006, and an Amended Complaint on May 2, 2007, alleging  causes of action for (1) racial discrimination, (2) retaliation, (3) hostile work environment, (4) punitive damages, and (5) intentional infliction of emotional distress.  Here, Defendant seeks that the Court grant summary judgment in its favor, arguing that Plaintiff has failed to allege an identifiable adverse employment action, and that the Court lacks subject matter jurisdiction.

**II.  Standard of Law for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

**III. Analysis**

Garity contends that Defendant violated Title VII of the Civil Rights Act of 1964 by subjecting her to a racially discriminatory and hostile work environment and then retaliating against her when she filed EEO complaints.  As stated above, Defendant moves for summary judgment arguing that the Plaintiff cannot establish a *prima facie* case of disparate treatment, hostile work environment, or retaliation.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To prove a claim of disparate treatment under Title VII, a plaintiff may present direct evidence of discrimination.  See Cordova v. State Farm Ins. Co., 124 F.3d 1145, 1148-49 (9th Cir. 1997); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994).  Absent such evidence, a plaintiff must proceed under the three-step proof scheme outlined in

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Cordova, 124 F.3d at 1148; Wallis, 26 F.3d at 889.

Under the McDonnell Douglas scheme, once the plaintiff proves a *prima facie* case of race discrimination, a presumption of discrimination arises and the employer must provide a legitimate, nondiscriminatory reason for its action in order to eliminate this presumption. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993). Once the legitimate nondiscriminatory explanation is offered, the plaintiff must prove that the employer's proffered reason is pretextual and that race actually motivated the action. See id. at 507-08. A plaintiff may show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). The plaintiff, however, retains the ultimate burden of persuading the trier of fact that the defendant engaged in unlawful discrimination. See St. Mary's Honor Ctr., 509 U.S. at 507 (citing Burdine, 450 U.S. at 253 (1981)). By failing to provide any direct evidence of racial discrimination, Plaintiff may only prevail on her disparate discrimination claim by proceeding to the McDonnell Douglas proof scheme.

**A. Disparate Treatment**

To prove a prima facie case of disparate treatment based on race, the Plaintiff must show that: (1) she belongs to a protected class; (2) she was performing according to her supervisor's legitimate expectations; (3) she suffered an adverse employment action, and; (4) similarly situated individuals outside the protected class were treated more favorably. See, McDonnell Douglass Corp. v. Green, 411 U.S. at 802; Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840 (9th Cir. 2004). "The requisite degree of proof necessary to establish a prima facie case for Title VII . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994).

Defendant contends that Plaintiff has failed to demonstrate that she was subject to a materially adverse employment action. The Court agrees. The Ninth Circuit has defined the term

4

"adverse employment action" broadly, including a "wide array of disadvantageous changes in the workplace". See Fonseca v. Sysco Food Services of Arizona, 374 F.3d at 847; Ray v. Henderson, 217 F.3d 1234, 1241 (9th Cir. 2000). Employment actions that have been recognized as adverse by the Ninth Circuit include an employer's action that negatively affects its employee's compensation, see Little v. Wendermere Relocation, Inc., 301 F.3d 958, 970 (9th Cir. 2002), an employer issuing a warning letter or negative review if undeserved, see Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987), and transfers of job duties, see St. John v. Employment Development Dept., 642 F.2d 273, 274 (9th Cir. 1981) (noting that mere ostracism by co-workers does not constitute an adverse employment action). Other examples of adverse employment actions include "an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms and conditions, or privileges of employment, deprives him or her of employment opportunities or adversely affects his or her status as an employee." Gupta v. Florida Board of Regents, 212 F.3d 571, 587 (11th Cir. 2000) (quoting Robinson v. City of Pittsburg, 120 F.3d 1286, 1300 (3d Cir. 1997)).

Here, Plaintiff has failed to allege any activity that has negatively affected her compensation, nor has Plaintiff alleged that she was discharged, denied a promotion, experienced a transfer of job duties, or deprived of any other tangible employment opportunity. Although Plaintiff alleges that she was denied the opportunity to work overtime hours, the denial of overtime opportunities does not equate to an adverse employment action under Title VII. See Maclean v. City of St. Petersburg, 194 F.Supp.2d 1290, 1298 (M.D. Fla. 2002). Plaintiff's Complaint and Opposition list a plethora of actions that Plaintiff found to be subjectively offensive, such as allegations that she was, *inter alia*, "berated" in front of fellow employees, that her supervisor was rude to her, that she was deprived of receiving logical and clear instructions, that she was yelled at, that the amount of time she spent on lunch breaks was questioned, that she was posted on the time clock to come in later than other mail carriers, that she was constantly scrutinized, that she was put in no-win situations, that her supervisors and others "watched her" and "hovered around" her, that she was denied overtime

opportunities, that she was required to undergo psychological counseling, that she was disciplined for safety and rule violations, that she was denied the opportunity to start work early, and that she was generally treated less preferentially than non-white employees. (See Amended Complaint; Pl.'s Opp.)

Even taken in the aggregate, the actions that Plaintiff alleges do not establish that she suffered an adverse employment action. While Plaintiff's Complaint and Opposition demonstrate that her subjective experience has been painful and difficult, allegations of unfriendly or rude behavior, and/or that she experienced a non-ideal work environment are insufficient to establish a prima facie case of racial discrimination under Title VII. See e.g., Baqir v. Principi, 434 F.3d 733, 747 (4th Cir. 2006); Bickerstaff v. Vassar College, 196 F.3d 435, 446 (2d Cir. 1999). As noted by the Supreme Court, "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code'" Faragher v. Boca Raton, 524 U.S. 775, 787–88 (1998).

Therefore, judging Plaintiff's allegations of disparate treatment against the Ninth Circuit's findings of disparate treatment, the Court finds that Plaintiff has failed to demonstrate that she suffered an adverse employment action, and therefore, she has failed to establish a *prima facie* case of disparate treatment.

**B. Hostile Work Environment**

To prevail on a hostile work environment claim premised on either race or sex, a plaintiff must show: (1) that she was subject to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive as to alter the conditions of the plaintiff's employment and create an abusive work environment. See Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998). Defendant has moved to dismiss Plaintiff's claim of discrimination based on a hostile work environment. Defendant alleges that the environment suffered by Plaintiff was not sufficiently severe or pervasive enough to alter the conditions of the Plaintiff's employment or create an abusive working environment.

The Supreme Court has suggested that the following factors be used to determine whether an environment is hostile or abusive: 1) the frequency of the discriminatory conduct; 2) its severity; 3) whether the conduct is physically threatening, humiliating, or merely an offensive utterance; and 4) whether it unreasonably interferes with an employee's work performance. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993).

Plaintiff's evidence that she was subject to unwelcome conduct as a result of her race include the same allegations she used to claim disparate treatment or harassment. In viewing Plaintiff's allegations of unwelcome conduct under the Harris factors, the Court finds that Plaintiff's work environment was not hostile or abusive. Although Plaintiff alleges that the complained of behavior was ongoing, the degree of severity is minimal at most. Successful claims of hostile work environment include harsh and, generally, repetitive verbal abuse. See, e.g., Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir.2002) (finding that Korean plaintiff suffered national origin harassment where the employer verbally and physically abused him because of race); Nichols v. Azteca Rest. Enters., 256 F.3d 864, 872-73 (9th Cir.2001) (finding a hostile work environment where a male employee was called "faggot" and "female whore" by co-workers and supervisors weekly, and often several times a day). Indeed, the conduct Plaintiff alleges here falls short of many cases where the court found no hostile work environment. See, e.g, Manatt v. Bank of America, NA, 339 F.3d at 792, 799 (9th Cir. 2003) (finding no hostile work environment where colleagues told jokes including phrase "China Man," pulled eyes back with fingers to mock appearance of Asians, and ridiculed plaintiff for word mispronunciation); Vasquez v. County of Los Angeles, 307 F.3d 884, 893 (9th Cir.2002) (no hostile environment discrimination where employee was yelled at in front of others, told that he had "a typical Hispanic macho attitude," that he should work in the field because "Hispanics do good in the field"); Star v. West, 237 F.3d 1036, 1037 (9th Cir. 2001) (no pervasive harassment where coworker touched plaintiff's breasts, shoulders, and hips and grabbed her around the shoulders); Brooks v. City of San Mateo, 229 F.3d 917, 924-25 (9th Cir. 2000) (plaintiff's

7

allegation that coworker fondled her breasts and touched her stomach insufficient to show severe or pervasive harassment).

Here, the severity of Plaintiff's hostile work environment claims, in light of other cases, does not reach a high level. Even in the aggregate, Defendant's alleged actions, pale in comparison to other conduct found not to be severe enough to create a hostile work environment. Here, Plaintiff makes no claim that she was subject to racially or sexually derogatory language or physical contact, but instead, as listed above, Plaintiff's claims demonstrate an unpleasant employment atmosphere, that Plaintiff's coworkers and supervisors may have been rude, unfriendly, or even disliked her. However, here, construing the evidence submitted in the light most favorable to Plaintiff, the Court finds that Plaintiff has not presented evidence to show that the conduct in question was so severe or pervasive that it effectively altered the terms and conditions of Plaintiff's employment

**C. Retaliation**

To establish a *prima facie* case for retaliation, Plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. See Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000). When a plaintiff successfully asserts a *prima facie* retaliation claim, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for its decision. See id. If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive. See id.

Here, as stated above, Plaintiff has failed to allege that Defendants subjected her to an adverse employment action. Plaintiff has failed to allege any activity that affected her compensation, or that she was discharged, denied a promotion, experienced a transfer of job duties, and/or deprived of any other tangible employment opportunity. Therefore, under the same reasoning listed when denying Plaintiff's disparate treatment claim above, the Court also finds that Plaintiff has failed to allege a *prima facie* case of retaliation under Title VII.

**D. Emotional Distress and Punitive Damages**

Plaintiff seeks to recover damages for emotional distress. This claim must fail, as the Ninth Circuit has held that the exclusive remedy for a tort action against a federal agency is the Federal Tort Claims Act. <u>Kennedy v. United States Postal Service</u>, 145 F.3d 1077, 1078 (9th Cir. 1998).

Plaintiff also seeks punitive damages against Defendant. This claims also fails, as Title VII, does not provide for either general or punitive damages, as a matter of law. <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982); <u>see</u> <u>also</u> <u>Terry v. Ashcroft</u>, 336 F.3d 128 (2d Cir. 2003).

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#43), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter **JUDGMENT** for the Defendant.

DATED this 27th day of March 2008.

_____
Kent J. Dawson
United States District Judge